So, as I said, the case is taken under advisement. Our third case for this morning is Kowalski against the Cook County Sheriff's Police and others. Ms. Kowalski. May it please the court. Your Honors, my name is Jan Kowalski, and I'm the plaintiff and the appellant in this matter. There's only one issue that we're here for this morning, Your Honor, and that is whether Judge Durkin abused his discretion, acting precipitately in rushing to dismiss with prejudice my complaint, seeking to hold the plaintiff guilty. The Cook County Sheriff's Police accountable for their brutality. It's clear that dismissal was fundamentally wrong. It foreclosed my ability to have my day in court. I can't pursue redress of grievances. The Sheriff's Police have escaped liability and scrutiny even for their actions, including the serious violations of my constitutional rights, which left me permanently damaged with nerve damage to my wrist. Imagine, if you will, armed officers coming to your house in the middle of the night, waking you up without a search warrant, ordering you out of your house, slamming you down on the hood of your car, dragging you down the driveway, putting you in handcuffs so tight and for so long that they damaged the bones in your wrist. All of that is very significant, except you file this lawsuit and then don't show up. I know you were electioneering or doing something important. But isn't there some time to at least notify the court you've got a conflict and therefore can't make the, well, both hearings that you simply missed? You're a lawyer. You obviously are deeply concerned about this lawsuit, but it was overridden by whatever you were doing in the electioneering things that made it look like your case was abandoned. Yes, Your Honor, I understand. That was Judge Jerkin's rationale as well. He found that I had chosen electioneering at the expense of my personal rights. Well, and I think just to focus, he didn't really initially say that you had to make a choice, but he said you had to at least communicate with the court that you had this conflict. Had you done so, I mean, I don't know what Judge Jerkin would have done, but I do know that the district judges in general adjust schedules all the time because lawyers have conflicts, people have conflicts, and they say, oh, you know, February 23rd isn't going to work. Let's push it out to March 7th. So without communication, the judge had no signal from you and warned you that this was going to have consequences, and it did. You're absolutely right, Your Honor. That's exactly what happened, and I'm not disputing that. So why didn't you call? I mean, you could have been attending to your own business and slipped out five minutes for a phone call to the court. Your Honor, I'm a state law practitioner. I primarily do divorce custody. Yeah, but you show up in all of those, domestic, any cases before the court. It doesn't matter what the issue is. It happened to be your personal issue, probably more concerned than any about any client you had. You showed up for those people. Yes, Your Honor, I did, and I'm a sole practitioner, and I'm not familiar with the federal rules or the federal courts. What's the difference? Apparently, Your Honor, in the state courts, if you don't show up for a court hearing, generally speaking, and I don't want to just generally speaking, they will dismiss your case, but it's not with prejudice. The sanction is you have to pay. Well, one of the rules for practicing in federal court is that you must become familiar with the court's rules. I don't see how you can say, I represented myself incompetently because I didn't learn anything about the way the rules work in federal court, and now I'm entitled to be excused on account of my own incompetence. That would be a terrible approach for any federal court to take. You're absolutely right, Your Honor. I've got no excuse for my ignorance of the federal rules, absolutely none. But I am a sole practitioner, and I'm trying to do the right thing here. I'm not a practitioner on the federal courts. And this obviously changed my life when these men came in the middle of the night without a warrant to seize me out of my house without a warrant and to charge me and to jail me and to prosecute me for obstructing justice. And when I seek justice, the courthouse doors are closed to me. But then when I seek to reinstate, they're locked to me, Your Honor. I understand I'm at fault, and opposing counsel is going to tell you what a talented attorney means, and I should have known better, Your Honor. But the punishment has to fit the crime. One of the factors that the court should have looked at, and there's no indication that it did, was the social objectives that the litigation represents. And I got this from Casalo v. Harris. Now, the social objectives here are to prevent police brutality and or to at least subject it to scrutiny by the courts. And I'm drawn to a quote from the Continental Congress to the inhabitants of Quebec. Without the ability to peacefully procure relief from oppression, we are left with disturbing the public tranquility. Now, perhaps nowadays we would not have riots or police shootings if the police brutality was redressable by the courts. I'm sorry I missed the court date, Your Honor, but I was electioneering. This has been a major event in my life. It woke me up. This brutality was not in the inner city, not that that's okay, but it was in my house in the western suburbs. I was eventually found not guilty, but that doesn't change the fact that I was a victim here, Your Honor. I would like to have my Dane court, not just for myself, but for the social objectives, so that the police can be brought to scrutiny for what they did to me. And I'm drawn to another quote, and this one is by, bear with me, I've got to find it, by Pastor Martin Nemo. First they came for the socialist, and I did not speak out because I was not a socialist. Well, I guess then they came for the Kowalskis, and I did not speak out because I'm not a Kowalski. Well, we all know what happened here, and I'm asking this court to allow me to speak out. I'm sorry I wasn't in court on those two days. Opposing counsel is going to suggest that I violated multiple orders, and I missed several hearings. The 50-page report of proceedings is obviously before the court. There's no prejudice here. Lesser sanctions were available and shouldn't have been imposed. There was no time taken out of the court's busy calendar, and there's no prejudice to defendants other than having a case pending for another month. But the social objectives, Your Honor, required that this case be reinstated. I could be sanctioned. Matter of fact, I suggested to the court I had missed a discovery date. I could go to trial without discovery, Your Honor. But please, give me my Dane court. Your Honor, in conclusion, I leave you with another quote. This one is by Dr. Martin Luther King, Jr. Injustice anywhere is a threat to justice everywhere. Thank you. Thank you, Ms. Kowalski. Ms. West. Good morning, Your Honors. May it please the court. My name is Allison West, and I'm an assistant state's attorney for Cook County. I'm here appearing on behalf of the appellee defendants in this matter. As counsel stated, there is one issue before Your Honors here today. It's whether or not the dismissal of the plaintiff's case for failure to prosecute was an abuse of discretion. Your Honors, I think in order to determine that issue, we must look at the procedural history of this case. The plaintiff originally filed her complaint on July 27th of 2015. The court held its initial status hearing on October 6th of 2015. At such time, it was represented to the court that the defendants intended on filing a motion to dismiss plaintiff's complaint. The court ordered the plaintiff to amend her complaint by October 20th of 2015. The plaintiff never filed an amended complaint. And only after this case was dismissed did she attempt to request leave to file such an amended complaint. That was almost five months later. Next, the court set a status hearing on December 17th of 2015. The plaintiff failed to appear. The court's order following the status stated, Failure of the plaintiff to appear personally or through counsel at the next status hearing will result in the action being dismissed for want of prosecution. The plaintiff was warned. Did the court say anything about whether that dismissal would be with or without prejudice? Your Honor, from the December 17th order, the court did not specify whether or not it would be with or without prejudice. Then again, on January 11th of 2016, the court held another status hearing. The plaintiff failed to appear again, and the court dismissed the matter. It wasn't until February 2nd of 2016 that the plaintiff filed a motion to reinstate her case. In her motion, she explained that she was held before the Cook County Election Board, just like she explained to you here today. However, there's nothing in the record to suggest that the plaintiff attempted to contact the district court or Judge Durkan's staff to inform that she had a conflict on December 17th. I take it she concedes that. Her main point is that this was too stringent a sanction for conduct that was sanctionable, but maybe not that sanctionable. Yes, and Your Honor, to that point, this court has determined that when there's a clear record of dilatory conduct, that a lesser sanction need not be utilized, which is what happened in this case. The district court recognized the delay of failing to ever amend a complaint, missing two court statuses, and waiting numerous days to even bring up the reasons why the plaintiff failed to appear at such statuses. What's the status of her claim starting from ground zero? Is that over, or is there an opportunity for her to start over again, and I don't know what. Well, Your Honor, there is no pending complaint, because plaintiff never amended a complaint, so we're not at issue with those underlying facts or the merits of that case. Could she file it again? Your Honor, given that this case was dismissed, I would argue that she cannot. That's what I want to, that's your answer. Correct. Plaintiff talks a lot about the underlying social objectives of this case. However, the merits of the case are not what is before Your Honor. It's whether or not the district court abused its discretion in dismissing her complaint. I'd like to point you to a case that I supported in my brief. The McGinnis case supports the finding that we're seeking here today. In the McGinnis case, the plaintiff graduated from law school. He was not a licensed attorney, but the court determined that because of his training, he had better insight about the need to follow court directives. The case here is even more compelling. The plaintiff is a licensed and practicing attorney. Now, while she argued that she wasn't familiar with the federal rules, she is familiar with deadlines and status hearings, and she failed to follow those court directives in this case. Therefore, Your Honors, I argue that the district court did not abuse its discretion when dismissing this case, and I ask that you affirm the district court's decision and deny the plaintiff's appeal. Thank you. All right. Thank you very much. Anything further, Ms. Kowalski? Counsel suggests that I could have cured my sanctioned conduct by essentially phoning a friend. But in the circuit courts in Cook County, you can't phone the judge and say, I'm running late. I didn't know that that was viable. I did not even know that that was part of the federal rules that allow you to call a judge and say, can I have a hall pass because I'm busy. What do you do in state court? Your Honor, on the first— Same thing. On December 17th, I believe. Wait, let me get my dates right. December 17th was the first date. I was involved in a records examination at the Cook County Board of Elections. And it's intensive right before Christmas, December 17th through the 23rd. It's every day from 9 to 7, including Saturdays and Sundays, I believe. Yeah, it was part of a day on Sunday, going through each and every individual signature. I understand that, that you had something very difficult to do. But I'm asking in state court. You said you can't call the court. Well, what do you do in state court when you've got a similar problem? That's correct, Your Honor. When that happens, the case is dismissed like it was here. No, it's not automatically dismissed. You have something. What do you do in state court? That's all I'm asking. It's usually dismissed. What would you have done? Would you have tried to tell the court or do you just not show up in state? I find that very hard to believe, that you just radio silence, so to speak. Just not showing up without telling the court is independent of any rules. Extraordinarily rude to both the judge and opposing counsel, whose time is being wasted when they think there's going to be a hearing, and one side just doesn't show. So I join my colleague's question. What do you do in state court when you think it would be a good idea to postpone the hearing? Well, I need to clarify that, to my knowledge, this wasn't a hearing. It was a status. And in the state courts, there's a difference between statuses and hearings. Hearings are what we consider evidential hearings. And, of course, you need to file a motion if you're unavailable. Suppose you were on your way to state court and there was a giant traffic accident on the Eisenhower Expressway, which is unfortunately not a hypothetical. It happens with some regularity. And there you are, and you have a 10 o'clock status, if you will, and you know that you'll be lucky to make it downtown by noon. I can't believe you don't call the court and say, you know, call the clerk's office, call the judge's chambers, call somebody and say, I'm not going to be there. I'm stuck in this giant traffic jam. And I give that example as something that's entirely out of your control. You know, these things happen. And people notify the court in federal court. And you're saying that in state court it's just, you know, hit or miss whether people show up. No, the case would be dismissed, Your Honor. But then the remedy is paying your $60 reinstatement fee. Okay. Well, there is a sanction, Your Honor. There is a sanction. All right. And I understand it's rude. Okay. Well, thank you very much. Appreciate it. Thanks to both counsel. We'll take the case under advisement.